# *Exhibit L*

SHAPIRO SHER

**J. Patrick Gill**
Direct Dial: 410.385.4236
jpg@shapirosher.com

250 West Pratt Street
Suite 2000
Baltimore, Maryland 21201

**P** 410.385.0202
**F** 410.539.7611

shapirosher.com

June 10, 2026

**NOTICE OF DEFAULTS AND DEMAND FOR PAYMENT IN FULL**

***VIA FIRST-CLASS MAIL AND***
***CERTIFIED MAIL, POSTAGE PREPAID, RETURN RECEIPT REQUESTED***

Gallagher Associates, LLC
c/o Mary Ellen Gallagher
2501 North Glebe Road, Suite 301
Arlington, Virginia 22207

Northern Virginia Internal Medicine and Pediatrics, P.C.
2501 North Glebe Road, Suite 301
Arlington, Virginia 22207

Mary Ellen Gallagher
606 South Taylor Street
Arlington, Virginia 22204

Re: *$560,000 Commercial Term Loan to Gallagher Associates, LLC and Northern Virginia Internal Medicine and Pediatrics, P.C.*

To the Above-Addressed Parties:

Please be advised that this firm represents NIH Federal Credit Union (the "**Lender**"), in connection with the above-referenced commercial term loan (the "**Loan**") from the Lender to Gallagher Associates, LLC, a Virginia limited liability company (the "**PropCo Borrower**"), and Northern Virginia Internal Medicine and Pediatrics, P.C. (the "**OpCo Borrower**" and together with the PropCo Borrower, the "**Borrowers**"), as is evidenced by, among other things, (a) a Promissory Note, dated January 15, 2016, in the original principal amount of Five Hundred Sixty Thousand Dollars ($560,000.00), executed by the Borrowers and payable to the order of the Lender (the "**Note**") and (b) a Business Loan Agreement, dated January 15, 2016, executed by and among the Borrowers and the Lender (the "**Loan Agreement**").

SHAPIRO SHER



The payment and performance of the Loan is guaranteed by Mary Ellen Gallagher (the "**Guarantor**") pursuant to the terms and conditions of a Commercial Guaranty, dated January 15, 2016, executed and delivered by the Guarantor to and for the benefit of the Lender (the "**Guaranty**").

The indebtedness due and owing under the Loan is secured by, among other things, (a) a first priority duly perfected deed of trust lien in, to and against certain real property located in Arlington County, Virginia and the improvements thereon commonly known as 2501 North Glebe Road, Suite 301, Arlington, Virginia 22207 (the "**Real Property**") pursuant to and as more fully described in a Deed of Trust dated January 15, 2016, executed by the PropCo Borrower to the trustee named therein for the benefit of the Lender and recorded with the Clerk of the Circuit Court of Arlington County ("**Land Records**") at Document No. 20160100001111 (the "**Deed of Trust**"), (b) a duly-perfected security interest in, to and against, among other things, all present and future leases, including, without limitation, all rents, revenue, income, issues, royalties, bonuses, accounts receivable, cash or security deposits, advance rentals, profits, proceeds from the Real Property and other benefits from such leases (the "**Rents**") pursuant to the terms and conditions of an Assignment of Rents, dated January 15, 2016, executed by the PropCo Borrower to and for the benefit of the Lender and recorded among Land Records at Document No. 20160100001112 (the "**Assignment of Rents**"), and (c) a first position, duly-perfected security interest in, to and against all tangible and intangible assets of the Borrowers (collectively, the "**Personal Property**") pursuant to the terms and conditions of a Commercial Security Agreement, dated January 15, 2016, executed by the Borrowers for the benefit of the Lender (the "**Security Agreement**"). The Note, the Loan Agreement, the Guaranty, the Deed of Trust, the Assignment of Rents and the Security Agreement, together with all other documents, instruments or certificates relating thereto or executed in connection therewith are hereinafter collectively referred to as, the "**Loan Documents**." The Real Property, the Rents and the Personal Property are hereinafter collectively referred to as, the "**Collateral**."

Please be advised that the Borrowers and the Guarantor (collectively, the "**Obligors**") are presently in default under the terms and conditions of the Loan Documents as a result of, among other things, failing to repay the Loan, in full, on or before May 1, 2026 (i.e. the "maturity date"). Accordingly, all indebtedness due and owing under the Loan Documents (the "**Debt**") is immediately due and payable in full.

As of June 10, 2026, the Debt amounts to $445,967.57, which consists of an unpaid principal balance in the amount of $437,464.39, accrued and unpaid interest in the amount of $6,999.43, and late fees in the amount of $1,503.75. Interest will continue to accrue at the default rate set forth in the Note until the Debt has been repaid in full. Moreover, pursuant to the terms and conditions of the Loan Documents, the Obligors are also obligated to reimburse the Lender for all costs, expenses and attorneys' fees which the Lender has incurred or may hereafter incur in connection with this matter.

SHAPIRO SHER



By way of this correspondence, the Lender hereby demands that the Obligors immediately tender payment to the Lender in full satisfaction of the Debt. Prior to remitting payment in full, please contact the undersigned for an updated payoff statement inclusive of continuing interest and attorneys' fees, costs and expenses. If the Debt is not immediately satisfied in full, the Lender is prepared to proceed with enforcement of its various rights, remedies and recourse under the Loan Documents and applicable law including, without limitation, (a) confessing judgment against the Obligors, and/or (b) foreclosing, liquidating or otherwise enforcing remedies with respect to the Collateral.

Nothing contained in this letter shall constitute an election of remedies on the part of the Lender, nor shall anything contained herein constitute a waiver of (a) the matured and terminated status of the Loan, (b) any defaults or events of default existing under the Loan Documents, or (c) any of the Lender's rights, remedies or recourse under the Loan Documents or applicable law. Furthermore, the acceptance of partial payments by the Lender under or in connection with the Loan, whether before or after the date of this letter, shall not constitute an election of remedies on the part of the Lender, nor shall such acceptance of partial payments constitute a waiver of (aa) the matured and terminated status of the Loan, (bb) any defaults or events of default existing under the Loan Documents, or (cc) any of the Lender's rights, remedies or recourse under the Loan Documents or applicable law. By way of this letter, the Lender specifically reserves all rights, remedies and recourse under the Loan Documents and applicable law.

Thank you for your time and attention. I trust that the Obligors will recognize the urgency of this matter and will immediately remit a payment to the Lender in full satisfaction of the Debt.

Very truly yours,

J. Patrick Gill

cc: NIH Federal Credit Union– *(via e-mail)*