# *Exhibit M*

SHAPIRO SHER

J. Patrick Gill
Direct Dial: 410.385.4236
jpg@shapirosher.com

250 West Pratt Street
Suite 2000
Baltimore, Maryland 21201

P 410.385.0202
F 410.539.7611

shapirosher.com

June 10, 2026

**NOTICE OF DEFAULTS AND DEMAND FOR PAYMENT IN FULL**

***VIA FIRST-CLASS MAIL AND***
***CERTIFIED MAIL, POSTAGE PREPAID, RETURN RECEIPT REQUESTED***

Northern Virginia Internal Medicine and Pediatrics, P.C.
2501 North Glebe Road, Suite 301
Arlington, Virginia 22207

Gallagher Associates, LLC
2501 North Glebe Road, Suite 301
Arlington, Virginia 22207
Attn: Mary Ellen Gallagher

Mary Ellen Gallagher
606 South Taylor Street
Arlington, Virginia 22204

Paul W. Bothwell Sr.
606 South Taylor Street
Arlington, Virginia 22204

Re: *$108,575 Commercial Term Loan to Northern Virginia Internal Medicine and Pediatrics, P.C.*

To the Above-Addressed Parties:

Please be advised that this firm represents NIH Federal Credit Union (the "**Lender**"), in connection with the above-referenced commercial term loan (the "**Loan**") from the Lender to Northern Virginia Internal Medicine and Pediatrics, P.C., a Virginia professional corporation (the "**Borrower**"), as evidenced by, among other things, a Promissory Note, dated January 31, 2023, in original maximum principal amount of One Hundred Eight Thousand Five Hundred Seventy-Five Dollars ($108,575.00), executed by the Borrower and payable to the order of the Lender, as

amended by (a) that certain Allonge to Promissory Note and Omnibus Modification of Loan Documents dated April 24, 2024, (b) that certain Second Allonge to Promissory Note and Omnibus Modification of Loan Documents dated March 31, 2025 and (c) that certain Third Allonge to Promissory Note and Omnibus Modification of Loan Documents dated April 2025 (as so amended, the "**Note**"). The proceeds of the Loan were used to term out certain indebtedness owed in connection with a revolving line of credit made by the Lender to the Borrower, as is more fully set forth in a Credit Agreement, dated August 7, 2017, executed by the Borrower to and for the benefit of the Lender (the "**Credit Agreement**").

The payment and performance of the Loan is guaranteed by (a) Mary Ellen Gallagher and Paul W. Bothwell Sr. (collectively, the "**Individual Guarantors**") pursuant to the terms and conditions of certain Commercial Guaranties, dated January 31, 2023, executed and delivered by the Individual Guarantors to and for the benefit of the Lender (collectively, the "**Individual Guaranties**"), and (b) Gallagher Associates, LLC, a Virginia limited liability company (the "**LLC Guarantor**" and together with the Individual Guarantors, **the "Guarantors"**) pursuant to the terms and conditions of a Guaranty Agreement, dated April 24, 2024, executed and delivered by the LLC Guarantor to and for the benefit of the Lender (the "**LLC Guaranty**" and together with the Individual Guaranties, the "**Guaranties**").

The indebtedness due and owing under the Loan is secured by, among other things, (a) a duly perfected security interest in, to and against all of the Borrower's tangible and intangible assets pursuant to and in accordance with a Commercial Security Agreement, dated January 31, 2023, executed by the Borrower to and for the benefit of the Lender (the "**Security Agreement**"), and (ii) a duly perfected deed of trust lien in, to and against certain real property and improvements commonly known as 2501 North Glebe Road, Unit 301, Arlington, Virginia (the "**Real Property**"), pursuant to and as more fully described in a Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing, dated April 24, 2024, executed by the LLC Guarantor to the trustee named therein for the benefit of the Lender and recorded among the Land Records of Arlington County, Virginia as Instrument No. 20240100004982 (the "**Deed of Trust**"). The Note, the Credit Agreement, the Guaranties, the Security Agreement, and the Deed of Trust, together with all other documents relating thereto or executed in connection therewith are hereinafter collectively referred to as, the "**Loan Documents**." The Real Property and the Personal Property are hereinafter collectively referred to as, the "**Collateral**."

Please be advised that the Borrower and the Guarantors (collectively, the "**Obligors**") are presently in default under the terms and conditions of the Loan Documents as a result of, among other things, failing to repay the Loan, in full, on or before May 1, 2026 (i.e. the "maturity date"). Accordingly, all indebtedness due and owing under the Loan Documents (the "**Debt**") is immediately due and payable in full.

As of June 10, 2026, the Debt amounts to $82,389.81, which consists of an unpaid principal balance in the amount of $81,864.98 and accrued and unpaid interest in the amount of $524.83. Interest will continue to accrue at the default rate set forth in the Note until the Debt has been

SHAPIRO SHER



repaid in full. Moreover, pursuant to the terms and conditions of the Loan Documents, the Obligors are also obligated to reimburse the Lender for all costs, expenses and attorneys' fees which the Lender has incurred or may hereafter incur in connection with this matter.

By way of this correspondence, the Lender hereby demands that the Obligors immediately tender payment to the Lender in full satisfaction of the Debt. Prior to remitting payment in full please contact the undersigned for an updated payoff statement inclusive of continuing interest and attorneys' fees, costs and expenses. If the Debt is not immediately satisfied in full, the Lender is prepared to proceed with enforcement of its various rights, remedies and recourse under the Loan, the Loan Documents and applicable law including, without limitation, (a) confessing judgment against the Obligors and/or (b) foreclosing, liquidating or otherwise enforcing remedies with respect to the Collateral.

Nothing contained in this letter shall constitute an election of remedies on the part of the Lender, nor shall anything contained herein constitute a waiver of (a) the matured and terminated status of the Loan, (b) any defaults or events of default existing under the Loan Documents, or (c) any of the Lender's rights, remedies or recourse under the Loan Documents or applicable law. Furthermore, the acceptance of partial payments by the Lender under or in connection with the Loan, whether before or after the date of this letter, shall not constitute an election of remedies on the part of the Lender, nor shall such acceptance of partial payments constitute a waiver of (aa) the matured and terminated status of the Loan, (bb) any defaults or events of default existing under the Loan Documents, or (cc) any of the Lender's rights, remedies or recourse under the Loan Documents or applicable law. By way of this letter, the Lender specifically reserves all rights, remedies and recourse under the Loan Documents and applicable law.

Thank you for your time and attention. I trust that the Obligors will recognize the urgency of this matter and will immediately remit a payment to the Lender in full satisfaction of the Debt.

Very truly yours,

J. Patrick Gill

cc: NIH Federal Credit Union– *(via e-mail)*